## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CHARLES E. COOLEY, JR., | ) | |
| AIS # 00230863, | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 1:18-00540-JB-N |
| | ) | |
| WILLIAM STREETER, *et al.*, | ) | |
|    Defendants. | ) | |

## REPORT AND RECOMMENDATIONS

This action is before the Court on the "Motion for the Unserved Defendant(s) to be Served, and Order for an Immediately [sic] Transfer to a Different Facility for the Plaintiff" (Doc. 39) ("the Motion") filed by Plaintiff Charles E. Cooley, Jr., an Alabama prisoner proceeding *pro se* and *in forma pauperis*, and docketed August 12, 2019.[1] By previous order, the undersigned found the Motion moot as to its request that unserved defendants be served, in light of the fact that all defendants have since appeared and filed answers. As for the Motion's request for an order directing that Cooley be transferred to a different prison facility, the undersigned construes this as a request for injunctive relief, on which the undersigned Magistrate Judge cannot rule directly without the consent of the parties, and instead must issue a recommendation to the Court. *See* 28 U.S.C. § 636(b)(1). So construed, the undersigned recommends the Court **DENY** the Motion's request for a transfer.

---

[1] The assigned District Judge has referred this motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/12/2019 electronic reference).

"[A]n inmate has no liberty interest in a particular classification, prison assignment, or transfer even if the inmate … experiences more burdensome conditions than before." *Solliday v. Fed. Officers*, 413 F. App'x 206, 210 (11th Cir. 2011) (per curiam) (unpublished) (citing *McKune v. Lile*, 536 U.S. 24, 39, 122 S. Ct. 2017, 2027, 153 L. Ed. 2d 47 (2002)). *See also Kramer v. Donald*, 286 F. App'x 674, 676 (11th Cir. 2008) (per curiam) (unpublished) ("Kramer did not state a due process claim because he has no constitutionally protected liberty interest in being classified at a certain security level or housed in a certain prison." (citing U.S. Supreme Court cases)). Moreover, to demonstrate entitlement to injunctive relief, a plaintiff "must show past injury *and* a real and immediate threat of future injury." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1329 (11th Cir. 2013) (emphasis added). "[W]ithout any threat of future injury, injunctive relief is unavailable." *AA Suncoast Chiropractic Clinic, P.A. v. Progressive Am. Ins. Co.*, 938 F.3d 1170, 1176 (11th Cir. 2019).

Here, Cooley claims that he is entitled to be transferred to a different prison facility because his "safety and well being is endanger [sic] around the Defendant(s)[,]" most of whom are employed at Holman Correctional Facility, his current place of confinement and the site of the incident giving rise to Cooley's claims. (Doc. 39, PageID.203). However, in support of this statement, he points only to the allegations in his complaint, all of which address past conduct. (*See id.*) While a "plaintiff's exposure to illegal conduct in the past is … evidence bearing on whether there is a real and immediate threat of repeated injury," "past wrongs do

not in themselves amount to that real and immediate threat of injury necessary" for injunctive relief. *Houston*, 733 F.3d at 1336 (quotations omitted). Cooley has failed to convince the undersigned that he is under "a real and immediate threat of future injury" from any of the Defendants to justify ordering a transfer.

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 39) be **DENIED** as to Cooley's request for a transfer. Further, considering the foregoing, the undersigned further **RECOMMENDS** the Court certify that any appeal of this denial of Cooley's request for injunctive relief would be without merit and therefore not taken in good faith, thus denying him entitlement to appeal *in forma pauperis*.[2]

**DONE** this the 26th day of December 2019.

/s/ Katherine P. Nelson
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] "An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." 28 U.S.C. § 1915(a)(3).

> A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when examined under an objective standard. *See Coppedge v. United States,* 369 U.S. 438, 445, 82 S. Ct. 917, 921, 8 L. Ed. 2d 21 (1962). An issue is frivolous when it appears that "the legal theories are indisputably meritless." *Carroll v. Gross,* 984 F.2d 392, 393 (11th Cir. 1993) (citations omitted). In other words, an IFP action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." *Bilal v. Driver,* 251 F.3d 1346, 1349 (11th Cir. 2001). More specifically, "arguable means capable of being convincingly argued." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991) (internal quotations and citations omitted). Nevertheless, where a "claim is arguable, but ultimately will be unsuccessful," it should be allowed to proceed. *Cofield v. Ala. Pub. Serv. Comm'n,* 936 F.2d 512, 515 (11th Cir. 1991).

*Ghee v. Retailers Nat. Bank*, 271 F. App'x 858, 859-60 (11th Cir. 2008) (per curiam) (unpublished).

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.